**Devorah SHABTAI, Plaintiff–Appellant,**

v.

**The CITY OF NEW YORK, et al., Defendants–Appellees.**

**Docket No. 02–7124.**

United States Court of Appeals, Second Circuit.

Oct. 10, 2002.

Devorah Shabtai, pro se, Brooklyn, NY, for Appellant.

Marta Ross, Esq., New York City Law Department, New York, NY, for Appellee.

Present MINER, SOTOMAYOR, and KATZMANN, Circuit Judges.

## SUMMRY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Devorah Shabtai, *pro se,* appeals from the December 26, 2001 judgment of the United States District Court for the Eastern District of New York (Frederic Block, Judge), granting the City of New York's motion to dismiss her 42 U.S.C. § 1983 complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We review the district court's dismissal of a complaint pursuant to Rule 12(b)(6) *de novo. See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998).

Shabtai filed a § 1983 complaint in January 2001 against The City of New York, Martin Silberman, Esq., and a number of other defendants arguing violations of her federal constitutional rights arising out of a 1994 prostitution arrest and alleged strip search. Shabtai sought monetary damages.

We agree with the district court, for substantially the reasons set forth in its memorandum decision and order, that Shabtai's claim was barred by the applicable three-year statute of limitations on personal injury claims in New York. *See Owens v. Okure,* 488 U.S. 235, 240–41, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Shabtai knew of the alleged violations in 1994 and filed her complaint seven years later, in 2001. Shabtai's argument that the actions of the City of New York constituted "murder" and therefore no limitations period applies, is clearly not a basis for equitable tolling.

On appeal, Shabtai advances no argument why the district court erred in holding that her claim was time-barred. We see no basis for tolling the applicable three-year period.

Accordingly, the judgment of the district court is hereby AFFIRMED.